In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-438 CV


____________________



ESTHER JOHNSON AND REUBEN JOHNSON, INDIVIDUALLY AND 


AS NEXT FRIENDS OF ANSLEY BOGNEY, A MINOR, AND AS


REPRESENTATIVES OF THE ESTATE OF STEPHANIE LYON, Appellants



V.



LIBERTY COUNTY AND LIBERTY COUNTY SHERIFF'S DEPARTMENT,


 Appellees






On Appeal from the 253rd District Court


Liberty County, Texas


Trial Cause No. 53,995






MEMORANDUM OPINION (1)



 Esther Johnson and Reuben Johnson, acting in their individual capacities and as next
friends of Ansley Bogney, a minor, and as representatives of the Estate of Stephanie Lyon,
sued Liberty County and Liberty County Sheriff's Department for negligence and gross
negligence. Their petition alleged that Stephanie Lyon drove to the fairgrounds where her
husband, Billy Marcus Lyon, was engaged in a work release program, that Billy Marcus
Lyon escaped from custody and rode with Stephanie Lyon to a distant location, where he
shot and killed her. The Johnsons alleged that the defendants' negligent conduct in
supervising inmates and county employees proximately caused the death of Stephanie
Lyon. Liberty County and Liberty County Sheriff's Department filed a motion for
summary judgment, no-evidence motion for summary judgment, and plea to the
jurisdiction. The motion alleged that the plaintiffs failed to meet the notice requirements
of the Tort Claims Act, asserted sovereign immunity, and argued that a claim against the
Sheriff's Department could not be maintained because the department is a subdivision of
the county and not a distinct legal entity. The trial court granted the plea to the jurisdiction
and dismissed the case. The plaintiffs filed notice of appeal. 

 A clerk's record and a reporter's record were duly filed in the appellate record. 
The appeal was submitted without briefs after the appellants failed to file their brief by the
March 10, 2004 due date for their final extension. See Tex. R. App. P. 38.8(a)(2). The
appellants did not request any more extensions and never filed a brief. See Tex. R. App.
P. 38.6(d). On April 5, 2004, we notified the parties that the appeal would be advanced
without oral argument. See Tex. R. App. P. 39.9.

 

 We have reviewed the record pertaining to the plea to the jurisdiction for
fundamental error, and find none. The judgment of the trial court is affirmed.

 AFFIRMED.

 PER CURIAM

Submitted on April 26, 2004

Opinion Delivered May 6, 2004

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.